APPEAL,CLOSED,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:23−cv−00688−CKK
### *Internal Use Only*

| | |
|---|---|
| LOMA LINDA−INLAND CONSORTIUM FOR HEALTHCARE EDUCATION v. NATIONAL LABOR RELATIONS BOARD et al<br>Assigned to: Judge Colleen Kollar−Kotelly<br>Cause: 42:2000 Religion | Date Filed: 03/14/2023<br>Date Terminated: 04/11/2023<br>Jury Demand: None<br>Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**LOMA LINDA−INLAND CONSORTIUM FOR HEALTHCARE EDUCATION**
*doing business as*
LOMA LINDA UNIVERSITY SELF−EDUCATION CONSORTIUM

represented by  **Jeffrey A. Berman**
SEYFARTH SHAW LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067
310−201−1541
Email: jberman@seyfarth.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Dean Berkheimer**
SEYFARTH SHAW, LLP
975 F Street, NW
Washington, DC 20004
202−828−3520
Email: mberkheimer@seyfarth.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samantha Leader Brooks**
SEYFARTH SHAW, LLP
975 F Street, NW
Washington, DC 20004
(202) 828−3560
Fax: (202) 641−9209
Email: sbrooks@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD** | represented by | **Aaron Samsel**<br>National Labor Relations Board<br>1015 Half Street SE<br>4th Floor<br>Washington, DC 20003<br>202–273–1923<br>Email: aaron.samsel@nlrb.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**David Paul Boehm**<br>NATIONAL LABOR RELATIONS BOARD<br>Contempt, Compliance and Special Litigation Branch<br>1015 Half Street SE<br>4th Floor<br>Washington, DC 20003<br>202–273–4202<br>Email: david.boehm@nlrb.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kevin Patrick Flanagan**<br>NATIONAL LABOR RELATIONS BOARD<br>Contempt, Compliance & Special Litigation Branch<br>1015 Half Street, SE<br>4th Floor<br>Washington, DC 20003<br>(202) 273–2938<br>Fax: (202) 273–4244<br>Email: Kevin.Flanagan@nlrb.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Tyler James Wiese**<br>NATIONAL LABOR RELATIONS BOARD<br>Contempt, Compliance, and Special Litigation Branch<br>1015 Half Street, S.E.<br>Fourth Floor<br>Washington, DC 20003<br>952–703–2891<br>Email: tyler.wiese@nlrb.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2023 | 1 | COMPLAINT against NATIONAL LABOR RELATIONS BOARD ( Filing fee $ 402 |

| | | |
|---|---|---|
| | | receipt number ADCDC–9925503) filed by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION D/B/A LOMA LINDA UNIVERSITY SELF–EDUCATION CONSORTIUM. (Attachments: # 1 Civil Cover Sheet, # 2 Summons Attorney General, # 3 Summons DC USAA, # 4 Summons NLRB)(Brooks, Samantha) (Entered: 03/14/2023) |
| 03/15/2023 | | Case Assigned to Judge Colleen Kollar–Kotelly. (zsl) (Entered: 03/15/2023) |
| 03/15/2023 | 2 | SUMMONS (3) Issued Electronically as to NATIONAL LABOR RELATIONS BOARD, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsl) (Entered: 03/15/2023) |
| 03/15/2023 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION (Brooks, Samantha) (Entered: 03/15/2023) |
| 03/16/2023 | 4 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael Berkheimer, Filing fee $ 100, receipt number ADCDC–9932177. Fee Status: Fee Paid. by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (Attachments: # 1 Declaration Declaration of Michael Berkheimer, # 2 Text of Proposed Order Proposed Order)(Brooks, Samantha) (Entered: 03/16/2023) |
| 03/17/2023 | | MINUTE ORDER: The Court is in receipt of Plaintiff's 4 Motion for Admission Pro Hac Vice as to Michael Berkheimer. Counsel Berkheimer represents that they practice from an office located in the District of Columbia and that their application for admission to the Bar of the District of Columbia is pending. Counsel Berkheimer does not represent that they have applied for admission to the bar of this jurisdiction. Pursuant to LCvR 83.2(c)(2) and the comment thereto, the 13 Motion for Admission Pro Hac Vice as to Michael Berkheimer is **DENIED WITHOUT PREJUDICE**. The Court will grant admission *pro hac vice* only after counsel Berkheimer submits an Application for Admission to the Bar of the United States District and Bankruptcy Courts for the District of Columbia. Signed by Judge Colleen Kollar–Kotelly on March 17, 2023. (lcckk1) (Entered: 03/17/2023) |
| 03/21/2023 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael Dean Berkheimer, Filing fee $ 100, receipt number ADCDC–9941729. Fee Status: Fee Paid. by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Brooks, Samantha) (Entered: 03/21/2023) |
| 03/21/2023 | | MINUTE ORDER: The Court is in receipt of Plaintiff's renewed 5 Motion for Admission Pro Hac Vice as to Michael Berkheimer. Per the Court's March 17, 2023 minute order, counsel Berkheimer represents that he has since submitted an application for admission to the Bar of the United States District and Bankruptcy Courts for the District of Columbia. As such, Plaintiff's renewed 5 Motion for Admission Pro Hac Vice as to Michael Berkheimer is **GRANTED**. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Colleen Kollar–Kotelly on March 21, 2023. (lcckk1) (Entered: 03/21/2023) |
| 03/21/2023 | 6 | MOTION for Preliminary Injunction by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G, # 9 Exhibit Exhibit H, # 10 Exhibit Exhibit I, # 11 Exhibit Exhibit J, # 12 Exhibit Exhibit K, # 13 Exhibit |

| | | |
|---|---|---|
| | | Exhibit L, # 14 Exhibit Exhibit M, # 15 Exhibit Exhibit N, # 16 Exhibit Exhibit O, # 17 Exhibit Exhibit P, # 18 Text of Proposed Order Proposed Order)(Brooks, Samantha) (Entered: 03/21/2023) |
| 03/21/2023 | 7 | NOTICE of Appearance by David Paul Boehm on behalf of NATIONAL LABOR RELATIONS BOARD (Boehm, David) (Entered: 03/21/2023) |
| 03/21/2023 | | MINUTE ORDER: The Court is in receipt of Plaintiff's 6 Motion for Preliminary Injunction, in which Plaintiff implies that counsel for Defendant, which has not yet been served, is aware of the 6 Motion. The parties shall appear for a status conference on **March 23, 2023 at 4:00 PM ET**, to proceed via Zoom. Plaintiff shall serve the 1 Complaint and 6 Motion via email upon counsel for Defendant **forthwith** if it has not done so already.. Signed by Judge Colleen Kollar–Kotelly on March 21, 2023. (lcckk1) (Entered: 03/21/2023) |
| 03/21/2023 | | Set/Reset Hearings: Status Conference set for 3/23/2023 at 4:00 PM via Telephonic/VTC before Judge Colleen Kollar–Kotelly. (dot) (Entered: 03/22/2023) |
| 03/22/2023 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeffrey A. Berman, Filing fee $ 100, receipt number ADCDC–9944323. Fee Status: Fee Paid. by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Brooks, Samantha) (Entered: 03/22/2023) |
| 03/22/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 7 NOTICE of Appearance by David Paul Boehm on behalf of NATIONAL LABOR RELATIONS BOARD (Boehm, David).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/29/2023. (zmrl) Modified on 3/22/2023 (zbaj). (Entered: 03/22/2023) |
| 03/22/2023 | 9 | NOTICE of Appearance by Aaron Samsel on behalf of NATIONAL LABOR RELATIONS BOARD (Samsel, Aaron) (Main Document 9 replaced on 3/22/2023) (zjm). (Entered: 03/22/2023) |
| 03/22/2023 | 10 | NOTICE of Appearance by Tyler James Wiese on behalf of NATIONAL LABOR RELATIONS BOARD (Wiese, Tyler) (Entered: 03/22/2023) |
| 03/22/2023 | 11 | ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR–KOTELLY. Signed by Judge Colleen Kollar–Kotelly on 3/22/23. (DM) (Entered: 03/22/2023) |
| 03/22/2023 | | MINUTE ORDER granting 8 Motion for Leave to Appear Pro Hac Vice as to Jeffrey A. Berman. **Counsel shall register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a) forthwith** Click for instructions. Signed by Judge Colleen Kollar–Kotelly on March 22, 2023. (lcckk1) (Entered: 03/22/2023) |

| | | |
|---|---|---|
| 03/23/2023 | 12 | NOTICE of Appearance by Michael Dean Berkheimer on behalf of LOMA LINDA−INLAND CONSORTIUM FOR HEALTHCARE EDUCATION (Berkheimer, Michael) (Entered: 03/23/2023) |
| 03/23/2023 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/16/2023. Answer due for ALL FEDERAL DEFENDANTS by 5/15/2023. (Brooks, Samantha) Modified on 3/24/2023 to correct date served and answer date (zjm). (Entered: 03/23/2023) |
| 03/23/2023 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. LOMA LINDA−INLAND CONSORTIUM FOR HEALTHCARE EDUCATION served on 3/21/2023 (Brooks, Samantha) Modified on 3/24/2023 to correct date served (zjm). (Entered: 03/23/2023) |
| 03/23/2023 | | Minute Entry for videoconference proceedings held before Judge Colleen Kollar−Kotelly: Status Conference held on 3/23/2023. Scheduling Order forthcoming. (Court Reporter Lisa Edwards.) (dot) (Entered: 03/23/2023) |
| 03/24/2023 | | MINUTE ORDER: For the reasons stated on the record, Defendant shall file its opposition to Plaintiff's 6 Motion for Preliminary Injunction on or before **March 31, 2023**, and Plaintiff shall file its reply on or before **April 3, 2023**. Pursuant to LCvR 65.1, the Court will rule on or before **April 11, 2023**. Signed by Judge Colleen Kollar−Kotelly on March 24, 2023. (lcckk1) (Entered: 03/24/2023) |
| 03/24/2023 | 15 | NOTICE of Appearance by Kevin Patrick Flanagan on behalf of NATIONAL LABOR RELATIONS BOARD (Flanagan, Kevin) (Entered: 03/24/2023) |
| 03/24/2023 | | NOTICE OF ERROR re 13 Summons Returned Executed as to US Attorney; emailed to sbrooks@seyfarth.com, cc'd 11 associated attorneys −− The PDF file you docketed contained errors: 1. **Notice of Corrected Docket Entry:** Your entry has been modified as a courtesy. Please note the appropriate reminders for future filings; do not refile document, 2. **Please note the following for future filings; do not refile document**, 3. Counsel reminded to file return of service for each individual and enter the date served or date of delivery.. (zjm, ) (Entered: 03/24/2023) |
| 03/24/2023 | 16 | NOTICE of Appearance by Jeffrey A. Berman on behalf of LOMA LINDA−INLAND CONSORTIUM FOR HEALTHCARE EDUCATION (Berman, Jeffrey) (Entered: 03/24/2023) |
| 03/28/2023 | 17 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General March 21, 2023. (Brooks, Samantha) (Entered: 03/28/2023) |
| 03/31/2023 | 18 | RESPONSE re 6 MOTION for Preliminary Injunction *and Motion to Transfer Venue* filed by NATIONAL LABOR RELATIONS BOARD. (Attachments: # 1 Exhibit Stipulation Before Agency in Representation Case, # 2 Exhibit Charge Filed by Union, # 3 Exhibit Transcript Excerpts, # 4 Exhibit Consortium Statement of Position, # 5 Text of Proposed Order Proposed Order)(Boehm, David) (Entered: 03/31/2023) |
| 03/31/2023 | 19 | MOTION to Transfer Case *to Central District of California and Opposition to Motion for Preliminary Injunction* by NATIONAL LABOR RELATIONS BOARD. (Attachments: # 1 Exhibit Stipulation Before Agency in Representation Case, # 2 Exhibit Charge Filed by Union, # 3 Exhibit Transcript Excerpts, # 4 Exhibit Consortium Statement of Position, # 5 Text of Proposed Order Proposed |

| | | |
|---|---|---|
| | | Order)(Boehm, David) (Entered: 03/31/2023) |
| 04/03/2023 | 20 | Memorandum in Opposition re 19 MOTION to Transfer Case *to Central District of California and Opposition to Motion for Preliminary Injunction* filed by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (Attachments: # 1 Exhibit GC 21–04 Mandatory Submissions, # 2 Exhibit JD–14-23 Saint Leo's University, Inc, # 3 Exhibit Saint Leo's GC Brief, # 4 Exhibit GC 23–04 Status Update, # 5 Exhibit Board Docket, # 6 Exhibit General Conference Articles of Incorporation, # 7 Exhibit Declaration of Doukmetzian, # 8 Exhibit Court Case Statistics, # 9 Exhibit Stipulation from Representation Proceeding, # 10 Exhibit Resident Job Description, # 11 Exhibit Resident Training Agreement)(Berkheimer, Michael) Modified event title on 4/4/2023 (znmw). (Entered: 04/03/2023) |
| 04/03/2023 | 21 | REPLY to opposition to motion re 6 MOTION for Preliminary Injunction filed by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. (See Docket Entry 20 to view document). (znmw) (Entered: 04/04/2023) |
| 04/05/2023 | 22 | ENTERED IN ERROR.....NOTICE *Regarding Conclusion of Submission of Evidence in Administrative Hearing in NLRB Case 31–RC–312064* by NATIONAL LABOR RELATIONS BOARD (Boehm, David) Modified on 4/6/2023 (zjm). (Entered: 04/05/2023) |
| 04/06/2023 | | NOTICE OF ERROR regarding 22 Notice (Other). The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). Please refile. (zjm) (Entered: 04/06/2023) |
| 04/06/2023 | 23 | NOTICE *OF CLOSURE OF REPRESENTATION–CASE HEARING IN CASE 31–RC–312064* by NATIONAL LABOR RELATIONS BOARD (Boehm, David) (Entered: 04/06/2023) |
| 04/11/2023 | 24 | ORDER dismissing case *sua sponte* for lack of subject matter jurisdiction, denying as moot 6 Motion for Preliminary Injunction, and denying as moot 20 Motion to Transfer Venue. The Clerk of Court is respectfully directed to terminate all pending motions and close this case. Signed by Judge Colleen Kollar–Kotelly on April 11, 2023. (lcckk1) (Entered: 04/11/2023) |
| 04/11/2023 | 25 | MEMORANDUM OPINION re 24 Order. Signed by Judge Colleen Kollar–Kotelly on April 11, 2023. (lcckk1) (Entered: 04/11/2023) |
| 04/27/2023 | 26 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 24 Order, 25 Memorandum & Opinion by LOMA LINDA–INLAND CONSORTIUM FOR HEALTHCARE EDUCATION. Filing fee $ 505, receipt number ADCDC–10032000. Fee Status: Fee Paid. Parties have been notified. (Berkheimer, Michael) (Entered: 04/27/2023) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Loma Linda – Inland Empire Consortium  <br> For Healthcare Education  <br> d/b/a  <br> Loma Linda University Health  <br> Education Consortium  <br> 11175 Campus Street  <br> Loma Linda, CA 92354  <br><br> Plaintiff  <br><br> v.  <br><br> National Labor Relations Board  <br> 1015 Half Street, SE  <br> Washington, DC 20003  <br><br> Defendant | Civil Action No. 21-cv-00688-CKK |

## PLAINTIFF'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium appeals to the United States Court of Appeals for the District of Columbia Circuit from the final judgment entered by this Court on April 11, 2023. See Docs: 24 and 25

        Respectfully submitted,

        SEYFARTH SHAW LLP
        */s/ Michael D. Berkheimer*

        Michael D. Berkheimer (admitted *pro hac vice*)
        Samantha L. Brooks (D.C. Bar. No. 1033641)
        Jack Toner
        Seyfarth Shaw LLP
        975 F Street

93679692v.2

        Washington, DC 20004
        (202) 828-3560
        Fax: (202) 641-9209
        sbrooks@seyfarth.com
        mberkheimer@seyfarth.com
        jtoner@seyfarth.com

        Joshua L. Ditelberg
        233 S. Wacker Drive
        Suite 8000
        Chicago, IL 60606-644
        jditelberg@seyfarth.com

        Jeffrey Berman (admitted *pro hac vice*)
        2029 Century Park East
        Suite 3500
        Los Angeles, CA 90067-3021
        jberman@seyfarth.com

        Christian J. Rowley
        crowley@seyfarth.com
        Jennifer L. Mora
        jmora@seyfarth.com
        560 Mission Street
        Suite 3100
        San Francisco, CA 94105-2930
        *Attorneys for Loma Linda University Health*
        *Education Consortium*

Dated: April 27, 2023

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Plaintiff Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium Notice of Appeal was filed by CM/ECF, on this 27th day of April 2023. All parties will receive notice and service of this Notice of Appeal via the CM/ECF system.

                              */s/ Michael D. Berkheimer*
                              Michael D. Berkheimer

April 27 2023

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA—INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION,<br>  Plaintiff<br>  v.<br>NATIONAL LABOR RELATIONS BOARD,<br>  Defendant. | Civil Action No. 23-0688 (CKK) |

## ORDER
(April 11, 2023)

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED**, that this case is **DISMISSED** for lack of subject matter jurisdiction. It is further

**ORDERED**, that Plaintiff's [6] Motion for Preliminary Injunction is **DENIED AS MOOT**. It is further

**ORDERED**, that Defendant's [20] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is **DENIED AS MOOT**.

**SO ORDERED**.

This is a final, appealable order.

Dated: April 11, 2023

                                                   /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA—INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION, <br>    Plaintiff <br> v. <br> NATIONAL LABOR RELATIONS BOARD, <br>    Defendant. | Civil Action No. 23-0688 (CKK) |

### MEMORANDUM OPINION
(April 11, 2023)

On February 13, 2023, Defendant National Labor Relations Board ("NLRB") commenced an administrative proceeding in California against Plaintiff Loma Linda—Inland Empire Consortium for Healthcare Education ("Plaintiff" or "Consortium") to determine whether the Consortium must collectively bargain with a local union which filed a petition with the NLRB. The Consortium, a California resident with no ties to the District of Columbia, has moved this Court for preliminary injunctive relief enjoining the proceedings. Binding appellate precedent instructs that a district court lacks jurisdiction over any challenge to an NLRB proceeding where a litigant may subsequently receive relief on appeal. Because such relief remains available to the Consortium, and upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court *sua sponte* **DISMISSES** this case for lack of

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1;
- Plaintiff's Motion for Preliminary Injunction, ECF No. 6;
- Defendant's combined opposition and Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), ECF No. 19; and
- Plaintiff's combined Opposition to the National Labor Relations Board's Motion to Transfer Venue and Reply to Opposition to Motion for Preliminary Injunction, ECF No. 20.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

jurisdiction and **DENIES AS MOOT** Plaintiff's [6] Motion for Preliminary Injunction and Defendant's [19] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

For present purposes, the Court shall take Plaintiff's allegations as true.  The Consortium is a non-profit corporation affiliated with the Seventh-day Adventist Church ("Church"). Declaration of Dr. Dan Giang, ECF No. 6-2 ¶ 3 ("Giang Decl.").  Although affiliated with hospitals and clinics in California that provide medical services, the Consortium's programming is limited to teaching medical students and residents how to provide medical care through "Christ-centered Graduate Medical Education."  *Id.* at 8; Declaration of Dr. David Trim, ECF No. 6-15 ¶ 12 ("Trim Decl.").  The Consortium defines such education as that which "continue[s] the healing ministry of Jesus Christ, 'to make man whole,' in a setting of advancing medical science and to provide a stimulating clinical and research environment for the education of physicians, nurses[,] and other health professionals."  Giang Decl. at 32.

On February 13, 2023, a local chapter of the Union of American Physicians and Dentists ("Union") filed a petition with NLRB Region 31 on behalf of residents and fellows employed at Consortium institutions who wanted to unionize.  ECF No. 6-9.  This petition commenced "representation" proceedings, in which a local NLRB office determines whether a particular union may represent certain employees in collective bargaining with their employer.  *See* 29 U.S.C. § 159(c).  The administrative matter was docketed before the Regional Director for Region 31, covering much of southern California, as Case 31-RC-312064.  ECF No. 6-9 at 4. Pursuant to 29 U.S.C. § 159, the Regional Director ordered the parties to provide initial briefing and set a representation (i.e., merits) hearing for March 6, 2023.  *Id.* at 11.

On February 27, 2023, the Consortium requested that the Regional Director bifurcate the proceedings in order to first determine whether the NLRB had jurisdiction over the Union's petition. *Id.* at 24. The Consortium argued, as it does again here, that the NLRB lacked jurisdiction over the Consortium as a religious teaching institution. *Id.* at 24-32. The Regional Director denied this request, although they continued the representation hearing itself to March 13, 2023. *Id.* at 44. The Consortium then requested on March 2, 2023 that the NLRB reverse the Regional Director's decision to proceed to the representation hearing, which was denied by a three-member panel one day later. *Id.* at 59. The Consortium filed its operative complaint on March 14, 2023, and moved this Court on March 21, 2023 to preliminarily stay or vacate the representation proceedings as beyond the NLRB's jurisdiction. The representation hearing went forward and concluded on April 5, 2023, and post-hearing briefs are due April 19, 2023. ECF No. 23 at 1. If the Regional Director concludes that the Union may represent the Consortium's employees, then they will order an election by secret ballot to determine whether the Union may represent the employees in collective bargaining with the Consortium. *See* 29 U.S.C. § 153(b).

## II. LEGAL STANDARD

A plaintiff bears the burden of establishing that a federal court has subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). "Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court can, and must, raise subject matter jurisdiction *sua sponte* if the parties do not, for federal courts are "forbidden—as courts of limited jurisdiction—from acting beyond their authority, and no action of the parties can confer subject-matter jurisdiction upon a federal court." *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982) (cleaned up).

3

## III. DISCUSSION

As a general rule, Congress has vested only the federal Courts of Appeals with jurisdiction to review decisions of the NLRB. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 47 (1938); 29 U.S.C. § 160(f). In *Leedom v. Kyne*, the Supreme Court recognized only the narrowest of exceptions. 358 U.S. 184, 188 (1958). *Leedom* sets forth a two-part test for a district court to exercise jurisdiction: (1) "the agency's alleged conduct must be contrary to a specific statutory prohibition that is both clear and mandatory;" and (2) "the party aggrieved must have no other meaningful and adequate mean[s] of vindicating its statutory rights." *Am. Fed. of Gov't Emps., Local 2510 v. FLRA*, 453 F.3d 500, 506 (D.C. Cir. 2006) (cleaned up). The *Leedom* exception is "extremely narrow in scope" and applies only to errors in the NLRB's jurisdiction. *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Fed. Serv. Impasses Panel*, 437 F.3d 1256, 1263 (D.C. Cir. 2006) ("*Air Traffic Controllers*"). For employers, "the triggering of *Leedom* jurisdiction is even more difficult, since the D.C. Circuit has stated that 'the *Leedom v. Kyne* remedy was not devised for the benefit of an employer.'" *Schwarz Partners Packaging, LLC v. NLRB*, 12 F. Supp. 3d 73, 84 (D.D.C. 2014) (BAH) (quoting *Mia. Newspaper Printing Pressmen's Union Local 46 v. McCulloch*, 322 F.2d 993, 997 n.7 (D.C. Cir. 1963)).

In an effort to invoke *Leedom*, Plaintiff relies predominantly on *Univ. of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002) and its progeny. There, the D.C. Circuit held that the NLRB has no jurisdiction over non-profit institutions that are religiously affiliated. *Id.* at 1347. As Plaintiff rightly notes, the NLRB has consistently run afoul of this principle, resulting in regular reversal and vacatur by the D.C. Circuit. *See Duquesne Univ. of the Holy Spirit v. NLRB*, 947 F.3d 824, 830-31 (D.C. Cir. 2020) (collecting cases). As *Duquesne* explains, as soon a religious educational institution alerts the NLRB to its status, the NLRB "'should [] know[]

4

immediately'" that the Free Exercise Clause places the institution "'patently beyond the NLRB's jurisdiction.'"  947 F.3d at 831 (quoting *Carroll Coll. v. NLRB*, 558 F.3d 568, 574 (D.C. Cir. 2009)).  Here, Plaintiff argues that it should again be "patently" obvious to the NLRB that it lacks jurisdiction over the Consortium, a non-profit, religious educational institution.

Even so, a clear jurisdictional defect does not alone endow a federal district court with jurisdiction over a challenge to an NLRB proceeding.  A plaintiff must also demonstrate that "barring review by the district court would wholly deprive [it] of a meaningful and adequate means of vindicating its statutory rights."  *Air Traffic Controllers*, 437 F.3d at 1263 (internal quotation marks and brackets omitted).  In an effort to meet this substantial hurdle, Plaintiff relies predominantly on two nonbinding, out of Circuit district-court cases: *Caulfield v. Hirsch*, No. 76-279, 1977 WL 15572 (E.D. Pa. 1977) and *McCormick v. Hirsch*, 460 F. Supp. 1337 (M.D. Pa. 1978).  In both cases, a district court vacated NLRB proceedings on First Amendment grounds.  1977 WL 1552, at *1; 360 F. Supp. at 1348.  Yet both decisions, nonbinding as they are, now stand on shaky ground even in their own Circuit, where the Third Circuit subsequently held that *Leedom* creates no jurisdiction for a "pre-election suit."  *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 106 (3d Cir. 1976) (noting further that "it is not clear that the Court intended that employers, who do, after all, have [appellate] review [], be able to assert pre-election suits under [*Leedom*]").  In any event, binding appellate precedent instructs this Court that *all* appellate review in the Court of Appeals must be vitiated before a district court may exercise subject matter jurisdiction over a challenge to NLRB proceedings.  *See Cox v. McCulloch*, 315 F.2d 48, 50 (D.C. Cir. 1963).  Because appellate review is available to Plaintiff after NLRB's ultimate decision, *Leedom* does not apply under the law of this Circuit.  *See Schwarz*, 12 F. Supp. 3d at 87.

5

Lastly, Plaintiff relies on the general principle that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Plaintiff is correct that a religious institution would have to wait until its appellate rights are perfected by an ultimate NLRB decision on the merits before it may sue in a Court of Appeals to vindicate its First Amendment freedoms.  *See Am. Fed. of Labor v. NLRB*, 308 U.S. 401, 409 (1940) (holding that appellate review of representation proceedings is unavailable until a decision is issued).  Yet constitutional claims have no "talismanic significance" in bypassing administrative review channeled exclusively to the federal Courts of Appeals.  *Jarkesy v. SEC*, 803 F.3d 9, 18 (D.C. Cir. 2015).

### IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action *sua sponte* for lack of subject matter jurisdiction and **DENIES AS MOOT**  Plaintiff's [6] Motion for Preliminary Injunction and Defendant's [19] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  An appropriate order accompanies this memorandum opinion.

Dated: April 11, 2023

                                                                                                  /s/
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge