# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Loma Linda – Inland Empire Consortium For Healthcare Education d/b/a Loma Linda University Health Education Consortium 11175 Campus Street Loma Linda, CA 92354<br><br>Plaintiff/Appellant<br><br>v.<br><br>National Labor Relations Board 1015 Half Street, SE Washington, DC 20003<br><br>Defendant/Appellee | ) ) ) ) ) ) ) ) ) ) ) ) No. 23-5096 ) ) ) ) ) ) ) ) |

**APPELLANT'S REPLY TO THE NATIONAL LABOR RELATIONS BOARD'S OPPOSITION**

94876144v.1

# **TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................2

    A. LLUHEC Has Shown It Is Experiencing Ongoing Irreparable Harm, Has No Meaningful Judicial Review Under the NLRA for Its Constitutional Claims, and an Injunction Is Necessary ..............2

    B. The Board Has Failed to Show that LLUHEC Lacks a Strong and Clear Constitutional Claim .........................................................3

        1. Hartz Mountain Corp. v. Dotson Is Inapposite to This Case ................................................................................................3

        2. Even if Hartz Mountain Were Applicable, the Board Has Not Presented Colorable Support For Its Arguments .................4

    C. The Board Has Not Shown that the NLRA Provides Meaningful Judicial Review for LLUHEC's Constitutional Claims ........................8

        1. The Board Fails to Address the Supreme Court's Holding in Axon Enterprises That Appellate Review Schemes Like the NLRA's Do Not Offer Meaningful Judicial Review for Claims Attacking the Constitutional Legitimacy of Administrative Proceedings ...............................8

        2. The Board Has Failed to Show LLUHEC Has Meaningful Judicial Review under the NLRA ...........................9

    D. The Board Has Not Shown that Other Factors Weigh Against the Issuance of an Injunction ............................................................10

II. CONCLUSION ........................................................................................12

94876144v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axon Enterprises, Inc. v. FTC,*
  __ U.S. __, 2023 WL 2938328 (2023) ........................................1, 2, 3, 4, 8, 9, 11

*Bethany College,*
  369 NLRB No. 98, slip op. (2020) ................................................................4, 10

*Carroll College, Inc. v. NLRB*,
  558 F.3d 568 (D.C. Cir. 2009).........................................................................3, 9

*Duquesne University of the Holy Spirit v. NLRB*,
  947 F.3d 824 (D.C. Cir. 2020)......................................................1, 2, 3, 4, 7, 9

*Hartz Mountain Corp. v. Dotson,*
  727 F.2d 1308 (D.C. Cir. 1984)...................................................................3, 4, 11

*Leedom v. Kyne* ...............................................................................................4, 8, 9
  358 U.S. 184 (1958)

*Nat'l Air Traffic Controllers Ass'n v. Fed Serv. Impasses Panel*,
  437 F.3d 1256 (D.C. Cir. 2006)............................................................................8

*Nat'l Anti–Hunger Coalition v. Executive Comm.*,
  711 F.2d 1071 (D.C. Cir. 1983)............................................................................5

*NLRB v. Catholic Bishop of Chicago*,
  440 U.S. 490 (1979)...............................................................2, 3, 5, 6, 10, 11

*Universidad Central de Bayamon v. NLRB*,
  793 F.2d 383 (1st Cir. 1984)................................................................................9

*University of Great Falls v. NLRB,*
  278 F.3d 1335 (D.C. Cir. 2002)...........................................1, 2, 4, 7, 9, 10, 11

**Statutes**

Federal Trade Commission Act ........................................................................1, 8

National Labor Relations Act ........................................................................*passim*

94876144v.1

NLRA Section 2(14) ........................................................................................... 7

NLRA Section 9 ................................................................................................. 4

Securities Exchange Act ................................................................................ 1, 8

**Other Authorities**

Federal Rules of Appellate Procedure Rule 10(a) ............................................ 5

Appellant Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium ("LLUHEC") submits this Reply to the National Labor Relation Board's ("Board") Opposition to Appellant's Emergency Motion for Injunction Pending Appeal ("Opposition"). As shown below, the Board ignores this Court's and the Supreme Court's controlling precedents, as well as stipulated or otherwise established facts.

The Board presents no argument that LLUHEC fails to satisfy this Court's *Great Falls* three-part test. Indeed, it barely acknowledges this Court's decisions regarding religious educational institutions at all. The Board accepted LLUHEC's and the Union's stipulation that the residents and fellows teach. But it makes *no* effort to address *Duquesne University's* holding that *Great Falls* applies to "teachers of any sort." The Board does not contend that the appellate review scheme of the National Labor Relations Act ("NLRA") materially differs from that in the Federal Trade Commission Act ("FTC Act") or the Securities Exchange Act ("Exchange Act"), despite the Supreme Court's holding in *Axon Enterprise* that such schemes do not offer meaningful judicial review of claims involving *ultra vires* agency proceedings.

Nor does the Board attempt to show that the NLRA's scheme provides adequate redress for administrative proceedings that are constitutionally defective from the outset. It cites no evidence in the District Court record to support its claim

1

that *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490 (1979) may not apply in this case. And it makes no attempt to argue that the cases relied upon by the District Court warrant dismissal of LLUHEC's complaint.

Instead, the Board relies on evidence outside the record to claim that LLUHEC's compelling evidence that it satisfies *Great Falls*' and *Duquesne*'s requirements should be disregarded. Moreover, LLUHEC has established – consistent with *Axon Enterprises* – that it is experiencing ongoing irreparable harm and has no means to have that harm remedied other than by immediate judicial intervention.

## I.  ARGUMENT

### A.  LLUHEC Has Shown It Is Experiencing Ongoing Irreparable Harm, Has No Meaningful Judicial Review Under the NLRA for Its Constitutional Claims, and an Injunction Is Necessary

In its Motion, LLUHEC showed that the Board is violating its First Amendment rights because LLUHEC is a religious educational institution and its residents and fellows – who are stipulated to teach –therefore are exempt from Board jurisdiction. Motion: pp. 7-11. As this Court held in *University of Great Falls v. NLRB,* "[i]n applying [*Catholic Bishop*], we inquire whether the institution (a) holds itself out to the public as a religious institution; (b) is nonprofit; and (c) is religiously affiliated." 278 F.3d 1335, 1347-48 (D.C. Cir. 2002). After *Great Falls*, this Court twice applied this test to determine that those who teach at other

2

94876144v.1

religious institutions were exempt from Board jurisdiction under *Catholic Bishop*. *See Carroll College, Inc. v. NLRB*, 558 F.3d 568 (D.C. Cir. 2009); *Duquesne University of the Holy Spirit v. NLRB*, 947 F.3d 824 (D.C. Cir. 2020).

LLUHEC further has demonstrated that pursuant to the Supreme Court's decision in *Axon Enterprises, Inc. v. FTC*, __ U.S. __, 2023 WL 2938328 (2023), the NLRA's judicial review process does not provide meaningful review or redress of the immediate, ongoing harm resulting from the Board's constitutionally deficient proceedings. Motion: pp. 11-19. LLUHEC also established that an injunction pending appeal is necessary. Motion: pp. 20-22.

### B. The Board Has Failed to Show that LLUHEC Lacks a Strong and Clear Constitutional Claim

#### 1. *Hartz Mountain Corp. v. Dotson* Is Inapposite to This Case

The Board principally relies upon *Hartz Mountain Corp. v. Dotson* for the proposition that "any colorable support for the Board's ruling should be treated as a jurisdictional defect dictating dismissal." 727 F.2d 1308, 1313-1314 (D.C. Cir. 1984) (internal citations omitted). In *Hartz Mountain*, the appellant attacked a Board ruling on the grounds the NLRA compelled the agency to take a certain action in an administrative proceeding. *Id.* At 1314. This Court held that the Board's application of the contested provision of the NLRA to be "clearly within the range of discretion allowed the Board," and affirmed the district court's finding that it lacked jurisdiction to hear the action. *Id.* At 1315.

3

94876144v.1

*Hartz Mountain* does not apply here for several reasons. First, *Hartz Mountain* is a case concerning whether the Board had "colorable support" for a ruling regarding its interpretation of the NLRA. Here, the crux of LLUHEC's contention, like the petitioners' in *Axon Enterprises*, is that it is being subjected to an illegitimate administrative proceeding due to the Board's lack of jurisdiction on constitutional grounds and not that the Board incorrectly interpreted the NLRA in a ruling. Second, the "colorable support" requirement is inapplicable when, as here, courts analyze constitutional claims.[1] *See Duquesne University*, 947 F.3d at 832 (holding standard of review for *Great Falls* analysis is *de novo*). Indeed, the Board's own jurisdictional test regarding religious educational institutions recognizes that it has no particular expertise in evaluating such claims. *See Bethany College,* 369 NLRB No. 98, slip op. at 7 (2020).

### 2. Even if *Hartz Mountain* Were Applicable, the Board Has Not Presented Colorable Support For Its Arguments

In its Opposition, the Board – as it did before the District Court – does not even contend that LLUHEC fails to satisfy this Court's *Great Falls* test. Rather, the Board seeks to obscure the relevant issues rather than squarely address legal authority and facts it knows it cannot overcome. In doing so, the Board relies on

---

[1] For similar reasons, the cases cited by the Board regarding *Leedom v. Kyne* actions involving its statutory interpretations of Section 9 of the NLRA are inapposite. Opposition pp. 13 n. 43. Further, *Leedom* itself must be read against the backdrop of *Axon Enterprises*.

4

arguments made by the Union in the Board proceedings and materials that are not in the District Court record. They are not appropriately before this Court and this Court should not rely on them in deciding the instant Motion. *See* Rule 10(a) Federal Rules of Appellate Procedure; *Nat'l Anti–Hunger Coalition v. Executive Comm.*, 711 F.2d 1071, 1075 (D.C. Cir. 1983).

The Board attempts to raise a "colorable claim" that *Catholic Bishop* does not apply because the Union asserts LLUHEC *may not* be an educational institution in the Board's administrative proceeding. Opposition: p. 11. The Board, however, cites to no evidence in the district court record (or elsewhere, for that matter) to support its bare assertion.

LLUHEC, however, has submitted the sworn statement of Dr. Dan Giang, Associate Dean, Graduate Medical Education and President of LLUHEC. Doc: 6-2. Dr. Giang states LLUHEC "operates approximately 70 residency programs for the purpose of educating approximately 800 fellows and residents," LLUHEC is accredited by the Accreditations Council for Graduate Medical Education, and LLUHEC "exists for the sole purpose of facilitating the education of residents and fellows." Doc. 6-2: ¶¶ 6, 8, 9, 10; *See also* Doc. 6-15: ¶ 12. Further, LLUHEC's Articles of Incorporation clearly identify its educational purpose throughout . Doc 6-3.

The Board next attempts to avoid *Catholic Bishop* by relying upon unsubstantiated arguments made by the Union in the Board proceeding, but not supported by evidence presented to the District Court, and by cherry-picking testimony regarding the alleged duties of residents and fellows from Union witnesses in that proceeding. Opposition: pp. 11-12. Again, it is well established that evidence and arguments not presented to the district court cannot be raised for the first time before this Court. *See supra.*

Tellingly, the Board fails to address the stipulation entered into between LLUHEC and the Union, which unequivocally states that "all LLUHEC residency and fellowship programs require residents and fellows to engage in teaching of medical students, other residents, and other medical professionals." Doc. 20-9: ¶4. Further, the Board also never addresses the sworn and unrebutted testimony of Dr. Giang that "Residents and Fellows in LLUHEC programs have as an integral part of their duties to teach and assist in teaching," or the other evidence in the District Court record showing that residents and fellows have teaching responsibilities. Docs. 6-2: ¶ 14; 20-10 p. 2; 20-11: ¶11(C). Thus, the Union – in a stipulation accepted by the Board – admits that LLUHEC is an educational institution and that the residents and fellows teach others, an admission that is also supported by the relevant evidence.

The Board also cites to nothing to support its claim that *Catholic Bishop* created only a "faculty exception" to Board jurisdiction. Opposition: at 11. Rather, *Catholic Bishop* concerned high school teachers, so its' reach is broader than university faculty. Second – and critical to this proceeding – is that the Board wholly fails to address this Court's holding in *Duquesne University* that *Great Falls* applies to "faculty or *teachers of any sort*.". 947 F.3d at 832-833 (emphasis added).

Lastly, the Board – again without citing to any evidence in the District Court record (or elsewhere) – claims that LLUHEC *may* be a "healthcare institution" under Section 2(14) of the NLRA based upon contentions raised by the Union in the administrative proceeding. Again, the Board has accepted the Union's stipulation that the residents and fellows teach. Educational institutions *ipso facto* have teachers.

Further, LLUHEC has submitted unrebutted sworn testimony from Dr. Giang that LLUHEC "is not in the business of providing patient care," is not licensed or authorized to provide medical care, and does not bill for the patient care provided by residents and fellows. Doc. 6-2: ¶¶ 10, 11. Moreover, LLUHEC and the Union have stipulated that LLUHEC owns no medical equipment or facilities. Doc. 20-9: ¶ 16. Needless to say, it would be challenging to function as a

7

healthcare institution when one does not bill for patient care and owns no medical equipment or facilities.

> **C. The Board Has Not Shown that the NLRA Provides Meaningful Judicial Review for LLUHEC's Constitutional Claims**
>
> > **1. The Board Fails to Address the Supreme Court's Holding in *Axon Enterprises* That Appellate Review Schemes Like the NLRA's Do Not Offer Meaningful Judicial Review for Claims Attacking the Constitutional Legitimacy of Administrative Proceedings**

As more fully discussed in the Motion (pp. 11-17), in *Axon Enterprises* the Supreme Court held, in relevant part, that the appellate review process provided for in the FTC Act and the Exchange Act failed to provide meaningful judicial review to claims attacking the constitutional legitimacy of administrative proceedings. This holding is critical here because whether meaningful judicial review is available for LLUHEC's constitutional claim is the second of the two elements in the *Leedom v. Kyne* analysis. *See Nat'l Air Traffic Controllers Ass'n*, 437 F.3d 1256, 1258 (D.C. Cir. 2006). Moreover, the appellate review procedure under the NLRA, the FTC Act, and the Exchange are substantially identical. *Axon Enterprises, Inc. v. FTC*, WL 2938328 at *4.

The Board's Opposition regarding this aspect of *Axon Enterprises*, as with most essential aspects of this case, is silent.

## 2. The Board Has Failed to Show LLUHEC Has Meaningful Judicial Review under the NLRA

The Board offers two arguments why LLUHEC has meaningful judicial review under the NLRA. First, the Board argues that LLUHEC somehow has such review available because LLUHEC "presupposes [it] is exempt from the Board's jurisdiction." Opposition: p. 16. This argument is wholly irrelevant to the *Axon Enterprises* analysis of whether a party has meaningful judicial review of its constitutional claims. The Supreme Court in *Axon Enterprises* did not even consider—let alone require—that a party prove the merits of its constitutional claim as a prerequisite to being heard. And the petitioners in *Axon Enterprises* had not done so. Further, considering the merits of a party's constitutional claim when analyzing whether meaningful judicial review is available would wholly conflate the two *Leedom v. Kyne* elements.

Second, the Board argues that LLUHEC "fails to appreciate how little [it] must do to exhaust and fully preserve its constitutional arguments." Opposition: p 16. Again, whether this is so is irrelevant to the Supreme Court's *Axon Enterprises* considerations. Under *Axon Enterprises*, whether meaningful judicial review is available turns on the nature of the alleged harm and whether the applicable appellate review scheme provides an appropriate remedy – not what a party must do during the challenged administrative proceeding.

9

### D. The Board Has Not Shown that Other Factors Weigh Against the Issuance of an Injunction

The Board, again without addressing *Great Falls*[2] or the decisions cited by LLUHEC in its Motion holding that the protection of First Amendment rights is always in the public interest,[3] argues that LLUHEC is not experiencing irreparable harm.[4]

First, the Board asserts that LLUHEC is not irreparable harmed because the *Union* in the *administrative proceeding* purportedly has presented "colorable reasons" that *Catholic Bishop* does not apply. Opposition: p. 18. But what matters in regard to this Motion, however, are the arguments and evidence presented by the Board to the District Court. And the Board in its Opposition relies upon *no* evidence in the District Court record to support the Union's allegations. Nor does the Board show, or even claim, that LLUHEC fails to satisfy the *Great Falls* test used by this Court to determine when *Catholic Bishop* applies. LLUHEC, for its

---

[2] Or *Carroll College*, or *Duquesne University*, *supra*, or *Universidad Central de Bayamon v. NLRB*, 793 F.2d 383 (1st Cir. 1984).

[3] The Board also completely ignores its own precedent in *Bethany College* expressly recognizing that the policy embodied in the NLRA is subordinate to First Amendment rights. 369 NLRB No. 98 slip op. at *7.

[4] Far from delaying a resolution of the representation petition, LLUHEC sought at the earliest opportunity to have the Board dismiss the case on jurisdictional grounds. Were an election to be appropriate, the Board has acknowledged that *it* is responsible for the delay in case processing. Doc. 23.

part, has entered sufficient undisputed or indisputable evidence affirmatively answering the *Great Falls* inquiry. Motion: pp. 7-10. *See also Catholic Bishop v. NLRB*, 440 U.S. at 502 (recognizing "[i]t is not only the conclusions that may be reached by the Board which may impinge on rights guaranteed by the Religion Clauses, but also the very process of inquiry leading to findings and conclusions").

Moreover, as shown above at pp. 3-4, the "colorable claims" standard from *Hartz Mountain* applies only to Board rulings based on ordinary interpretations of the NLRA, and not to boundary claims—like here—attacking the constitutionality of the Board's jurisdiction.

Finally, the Board argues that LLUHEC is no longer experiencing irreparable harm because the representation hearing has ended. Opposition: p. 19. But the hearing has inappropriately put it to the Board to decide LLUHEC's religious *bona fides* – far beyond what *Great Falls* and its progeny, and *Axon Enterprises* permit. Simply put, with it being stipulated that LLUHEC's residents and fellows teach, with their teaching indisputably reflecting LLUHEC's status as an educational institution, and with LLUHEC having established its religious character, allowing the Board proceedings to continue subjects LLUHEC to precisely the harms that *Catholic Bishop* and *Axon Enterprises* hold it does not have to endure. Enough is enough.

## II. CONCLUSION

For the reasons stated herein, this Court should grant LLUHEC's motion seeking an injunction pending appeal and expedite the appeal process as set forth in the proposed briefing schedule.

    Respectfully submitted,

SEYFARTH SHAW LLP
*/s/ Michael D. Berkheimer*

Michael D. Berkheimer
John Toner
Mark A. Wagner
975 F Street
Washington, DC 20004
(202) 828-3560
Fax: (202) 641-9209
mberkheimer@seyfarth.com
jtoner@seyfarth.com
mwagner@seyfarth.com

Christian J. Rowley
560 Mission Street
Suite 3100
San Francisco, CA 94105-2930
(415) 544-1001
crowley@seyfarth.com

Joshua L. Ditelberg
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606-6448
(312) 460-5505
jditelberg@seyfarth.com

>Jeffrey Berman
>2029 Century Park East
>Suite 3500
>Los Angeles, CA 90067-3021
>(310) 201-1541
>jberman@seyfarth.com
>
>*Attorneys for Loma Linda University Health Education Consortium*

Dated: May 11, 2023

## CERTIFICATE OF SERVICE

I certify that on May 11, 2023 a true copy of Appellant Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium's foregoing Reply to the NLRB's Opposition was filed via this Court's CM/ECF electronic filing system. I certify that all participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

　　　　　　　　　　　　　　　　　　*/s/ Michael D. Berkheimer*
　　　　　　　　　　　　　　　　　　Michael D. Berkheimer

　　　　　　　　　　　　　　　　　　May 11, 2023

## CERTIFICATE OF COMPLIANCE

This Reply complies with the requirements of Fed. R. App. P. 27(d) and Circuit Rule 27(d)(2)(A) because it has 2,506 words.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

> */s/ Michael D. Berkheimer*
> Michael D. Berkheimer

May 11, 2023